# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

AHMED M Y SHAHATOO,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　Case No.:
　　　　　　　　　　　　　　　　)
TASNEEM NASSER ALASFOUR,　)
　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　)
_____)

## COMPLAINT

COMES NOW, Plaintiff, AHMED M Y SHAHATOO ("Plaintiff" or "Mr. Shahatoo"), by and through his undersigned counsel, and files this Complaint against Defendant, TASNEEM NASSER ALASFOUR ("Defendant") and respectfully states as follows:

### INTRODUCTION

1. This is an action arising under 8 U.S.C. §1183a, Section 213a of the Immigration and Nationality Act ("INA") to enforce an Affidavit of Support (Form I-864) against the Defendant/Sponsor, with respect to the financial support of the sponsored foreign national, Plaintiff, Mr. Shahatoo.

2. This is an action for breach of contract, seeking money damages and specific performance, as well as costs, and attorney's fees.

3. Plaintiff seeks to enforce his statutory and contractual rights under the Firm I-864 ("Affidavit of Support" or "Affidavit"), which is attached hereto as **Exhibit A,** and to require Defendant to immediately specifically perform all obligations on a prospective basis and for his attorneys' fees and costs for having to institute this action for enforcement.

4. This action is brought by Plaintiff, as a direct beneficiary under the Affidavit of Support against his sponsor, the Defendant, who is Mr. Shahatoo's soon to be ex-wife.[1] Defendant has failed to provide financial support to maintain Plaintiff at an income not less than 125 percent of the Federal Poverty Line during the period in which the Affidavit has been enforceable, as required by federal law.

5. Where a family-sponsored immigrant seeks admission as a Lawful Permanent Resident ("LPR"), 8 U.S.C. § 1182(a)(4)(C)(ii) requires the execution of Form I-864, described at 8 U.S.C. § 1183a, to overcome the "public charge" ground of inadmissibility under 8 U.S.C. § 1182(a)(4)(C), INA § 212(a)(4)(C). The purpose of the statute and Affidavit is to ensure that a prospective LPR, once he becomes an LPR, does not become a public charge or become dependent on public benefits for his support. *See* 8 C.F.R. § 213a.2(c)(2).

---

[1] An action for dissolution of marriage between Plaintiff and Defendant Tasneem Nassrer Alasfour is pending in Hillsborough County Family Court.

6. The Affidavit of Support is a contract between the U.S. citizen (here, the Defendant) and the United States Government that requires the Defendant to provide the beneficiary (Plaintiff, Mr. Shahatoo) with financial support at not less than 125% of the Federal poverty line during the period in which the Affidavit of Support is enforceable. *See* 8 U.S.C. § 1183a(a)(1)(A). Form I-864 is also "legally enforceable against the Sponsor by the Sponsored Alien…" 8 U.S.C. § 1183a(a)(1)(B).

7. The Affidavit of Support warns the Defendant: "[i]f you [the Sponsor] do not provide support to the person who becomes a permanent resident [or LPR] based on the Form I-864 that you signed, **that person Ahmed M Y Shahatoo may sue you Tasneem Nasser Alasfour for this support**." *See* **Exhibit A**, at p. 6 (emphasis added).

8. The Affidavit of Support also informs Defendant Tasneem Nasser Alasfour, that "[d]ivorce **does not** terminate your obligation under Form I-864." See **Exhibit A** at p. 7 (emphasis added).

## PARTIES

9. Plaintiff is a citizen of Palestine and a resident of Tampa, Florida. He is a LPR of the United States by way of his marriage to Defendant Tasneem Nassrer Alasfour and her execution of the Affidavit.

10. Defendant, Tasneem Nassrer Alasfour, is a citizen of the United States and a resident of Hillsborough County, Florida. She is the sponsor on the Affidavit of Support (I-864) at issue in this case.

## JURISDICTION

11. This action is brought pursuant to 8 U.S.C. §1183a.

12. Pursuant to 8 U.S.C. § 1183a(e) "[a]n action to enforce an affidavit of support executed under subsection (a) may be brought against the sponsor in any appropriate court (1) by the sponsored alien, with respect to financial support."

13. Jurisdiction is also founded upon 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

14. Venue is proper pursuant to 28 U.S.C. §1391(b) as the causes of action arose in Florida and Defendant, Tasneem Nassrer Alasfour, resides in the territory which this Court controls.

## FACTS

15. Plaintiff and Defendant were married to each other on November 5, 2019, in Tampa, Florida.

16. In July of 2020, Defendant signed a Section 213A Affidavit of Support (Form I-864) sponsoring Plaintiff for permanent resident status pursuant to the INA, 8 U.S.C. §§ 1182(a) 4 and 1183a. *See* **Exhibit A.**

17. In the Affidavit of Support, Defendant agreed to provide whatever support necessary to maintain Plaintiff at an income not less than 125 percent of the Federal Poverty Line during the entire period during which the Affidavit is enforceable.

18. The Affidavit is a contract between the Defendant and the United States Government.

19. Defendant has failed to meet her obligations to the Plaintiff pursuant to the terms of the Affidavit and has not provided the Plaintiff with the requisite financial support pursuant to the Affidavit.

20. The Affidavit is "legally enforceable against the Sponsor by the Sponsored Alien…" 8 U.S.C. § 1183a(a)(1)(B).

21. In or about December of 2022 Plaintiff and Defendant were separated in Tampa, Florida.

22. The Affidavit is enforceable against the Defendant even though the parties are in the midst of divorce proceedings. *See* Exhibit A at p. 7 (noting that divorce does not terminate [Defendant Tasneem Nassrer Alasfour's] obligation).

23. Plaintiff is not earning 125% above the Federal Poverty Line.

24. Defendant is earning in excess of 125% above the Federal Poverty Line and/or have the means by which to fulfill their obligations to Plaintiff.

25. The Affidavit of Support is currently enforceable by Plaintiff against Defendant as Plaintiff meets none of the criteria that would cause Defendant's obligation to terminate by operation of law. *See* 8 CFR 213a.2.(e).

26. Defendant refuses to provide Plaintiff with the support necessary to maintain Plaintiff at 125% above the Federal Poverty Line.

27. Defendant's failure to maintain Plaintiff at 125% of the federal poverty guidelines in the period since the Affidavit of Support became enforceable on 01/06/2021 constitutes a breach of the Affidavit of Support, which Plaintiff has standing to enforce through the instant litigation.

28. All conditions precedent to the filing of this action have occurred, are excused, or have been waived.

29. As a result of Defendant's actions and omissions, including her failure to support Plaintiff at 125% of the Federal poverty line from the time the Affidavit of Support became enforceable, Plaintiff was required to hire counsel and pay counsel reasonable attorney's fees and associated costs of collection.

30. Plaintiff is entitled to recover his attorney's fees and costs incurred to enforce the Affidavit of Support pursuant to 8 U.S.C. § 1183a(c), which expressly defines as an available remedy the "payment of legal fees and other costs of collection" related to the enforcement of the Affidavit of Support.

## BREACH OF CONTRACT (Damages)
### Count I

31.     Plaintiff repeats and realleges as paragraphs 1 through 30 as if fully set forth herein.

32.     In July of 2020, Defendant executed the Affidavit of Support (Form I-864) for the benefit of Plaintiff so that Plaintiff could become a permanent resident. **Exhibit A**.

33.     Defendant signed the Affidavit thereby entering into a contractual relationship with the United States Government in exchange for Plaintiff's eligibility to become a permanent resident of the United States.  Through entering into this Contract, Defendant assented to the personal jurisdiction of this Court to enforce the obligations under the Affidavit of Support and agreed that Plaintiff may sue her for this support. *See* **Exhibit A** and 8 C.F.R. 213a.2.

34.     The Affidavit of Support is a valid legal contract enforceable by Plaintiff, a third-party beneficiary entitled to seek enforcement of the Affidavit of Support's terms, and specifically the requirement that the Defendant maintain him at 125% of the federal poverty line during the Affidavit of Support's period of enforceability.

35.     Defendant breached her duty under the Affidavit of Support when she failed to provide Plaintiff the support necessary to maintain him at an income no less than 125% of the poverty level.

36. Plaintiff is entitled to damages pursuant to the plain terms of the instant contract, 8 U.S.C. § 1183a, and 8 C.F.R. § 213a.2(d), in the amount of 24,650.00 for Defendant' breach of the Affidavit of Support from the date the Affidavit of Support became enforceable through the date of the Complaint being filed.

37. By statute, Defendant is liable to Plaintiff. 8 C.F.R. §213a.2.

38. Plaintiff is entitled to an award of his attorney's fees and costs pursuant to the terms of the Affidavit of Support and 8 U.S.C. §1183a(c).

## **BREACH OF CONTRACT (Specific Performance)**
## **Count II**

39. Plaintiff repeats and realleges as paragraphs 1 through 30, and 32 through 38, as if fully set forth herein.

40. Pursuant to 8 U.S.C. § 1183a(c), Plaintiff is entitled to seek "an order for specific performance" of the Affidavit of Support in a civil action.

41. Plaintiff is entitled to an order that Defendant prospectively maintain Plaintiff at 125% of the poverty line prospectively, until such time as the Affidavit of Support's period of enforceability terminates.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, by and through his undersigned counsel, respectfully prays that this Honorable Court grant the following relief:

(1) As to count I, order Defendant to provide to Plaintiff all back amounts owed for support at 125% of the poverty line since the I-864 Affidavit of Support's enforceability date, for a total of at least $24,650.00;

(2) As to count II, order specific enforcement as provided by 8 U.S.C. § 1183a(c);

(3) Grant Plaintiff all relief presently available pursuant to 8 U.S.C. § 1183a(c);

(4) Award Plaintiff his costs and reasonable attorney's fees associated with collection pursuant to the terms of the Affidavit of Support and 8 U.S.C. § 1183a(c); and

(5) Grant such other relief as this Court deems just and proper.

Dated: April 25, 2023.

Respectfully submitted,

  /s/ Sam Y. Badawi  
**SAM Y. BADAWI, ESQUIRE**
**BADAWI LAW**
*Attorney for Plaintiff*
Florida Bar Number: 120218
Sam@badawilaw.com
admin@badawilaw.com
14505 University Point Place
Tampa, Florida 33613
Phone: (813) 508-8808
Fax: (813) 644-7152